IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TUNE HUNTER INC., | ) |
|     *Plaintiff,* | ) CIVIL ACTION NO. 2:09-cv-148-TJW |
| v. | ) **JURY TRIAL DEMANDED** |
| SAMSUNG TELECOMMUNICATIONS AMERICA, LLC; APPLE INC.; SHAZAM ENTERTAINMENT LTD.; AMAZON.COM, INC.; NAPSTER, LLC; MOTOROLA, INC.; GRACENOTE, INC.; CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS; LG ELECTRONICS USA, INC.; AT&T MOBILITY LLC; and PANTECH WIRELESS, INC., | ) |
|     *Defendants.* | ) |

**DEFENDANT SAMSUNG TELECOMMUNICATIONS AMERICA, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

For the reasons set forth in (1) Defendant Gracenote, Inc.'s Motion To Dismiss for Failure To State a Claim (Doc. No. 67) ("Gracenote's Motion") and (2) LG Electronics USA, Inc.'s Motion To Dismiss Plaintiff's First Amended Complaint (Doc. No. 82) ("LG's Motion") (together, "Motions To Dismiss"), Defendant Samsung Telecommunications America, LLC ("Samsung") respectfully moves to dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Samsung fully adopts and incorporates as its own those arguments and authorities set forth in Gracenote's Motion and in Parts I through IV and VI of LG's Motion. Samsung requests that Gracenote's Motion and LG's Motion be granted in Samsung's favor on all of the grounds set forth therein and that any relief ordered by the Court with regard to Gracenote's Motion or LG's Motion also be ordered in favor of Samsung.

In further support of its Motion To Dismiss, Samsung submits that the First Amended Complaint should be dismissed with prejudice with respect to Samsung, which – like LG – is a manufacturer of cell phones. Any attempt by Plaintiff Tune Hunter, Inc. ("Plaintiff") to amend the First Amended Complaint to state a claim against Samsung would be futile as a matter of law. *See*, *e.g.*, *Global Patent Holdings, LLC v. Panthers BRHC LLC*, 586 F. Supp. 2d, 1331, 1335-36 (S.D. Fla. 2008), *aff'd*, No. 2008-1588, 2009 U.S. App. LEXIS 7792 (Fed. Cir. Apr. 1, 2009).

As an initial matter, Plaintiff cannot allege any facts or circumstances plausibly suggesting that Samsung directly infringes the '275 Patent. In order to state a claim for direct infringement against Samsung, Plaintiff would be required to allege facts tending to show that Samsung – a manufacturer of cell phones – "masterminded" an operation by which it "controlled or directed" acts by consumers and service providers for which Samsung could be held

vicariously liable.  (*See* Gracenote's Motion, Doc. No. 67, at 6-13; LG's Motion, Doc. No. 82, at 7-9.)  No such set of facts can be alleged by Plaintiff.

Moreover, Plaintiff cannot allege any facts or circumstances plausibly suggesting that Samsung indirectly infringes the '275 Patent.  In order to allege that Samsung induces infringement, for example, Plaintiff would be required to state facts tending to show that Samsung sold certain accused cell phones with the specific intent to induce a service provider to "mastermind" an operation to "direct or control" acts by consumers to infringe the '275 Patent.  (*See* Gracenote Motion, Doc. No. 67, at 6-13; LG Motion, Doc. No. 82, at 9-11.)  Or, in order to allege that Samsung contributes to infringement, Plaintiff would be required to state facts tending to show both (1) that Samsung had knowledge of a service provider "masterminding" an operation to "direct or control" acts by consumers to infringe the '275 Patent <u>and</u> (2) that any accused cell phones do not constitute "a staple article or commodity of commerce suitable for substantial noninfringing use."  (*See* Gracenote Motion, Doc. No. 67, at 6-13; LG Motion, Doc. No. 82, at 9-11.)  Plaintiff cannot allege any set of facts to support any such theory of indirect infringement by a manufacturer of cell phones like Samsung.

Accordingly, Samsung respectfully requests that Plaintiff's First Amended Complaint be dismissed on all of the grounds stated in the Motions To Dismiss and that the First Amended Complaint be dismissed with prejudice with respect to Samsung.

Dated:  January 8, 2010                    Respectfully submitted,

                                    By:    */s/ Charles K. Verhoeven, with permission by*
                                               *Michael E. Jones*
                                               MICHAEL E. JONES
                                               Texas Bar No. 10929400
                                               mikejones@potterminton.com
                                               POTTER MINTON PC
                                               500 Plaza Tower
                                               110 N. College
                                               Tyler, Texas  75702
                                               Telephone:  (903) 597-8311
                                               Facsimile:  (903) 593-0846

                                               QUINN EMANUEL URQUHART
                                               OLIVER & HEDGES, LLP

                                               CHARLES K. VERHOEVEN
                                               California Bar No. 170151
                                               charlesverhoeven@quinnemanuel.com
                                               MELISSA J. BAILY
                                               California Bar No. 237649
                                               melissabaily@quinnemanuel.com
                                               50 California Street, 22nd Floor
                                               San Francisco, California  94111
                                               Telephone:  (415) 875-6600
                                               Facsimile:  (415) 875-6700

                                               ATTORNEYS FOR DEFENDANT
                                               SAMSUNG TELECOMMUNICATIONS
                                               AMERICA, LLC


## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 8, 2010.  Any other counsel of record will be served by First Class U.S. mail on this same date.


                                                              */s/ Michael E. Jones*