**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| TUNE HUNTER, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 2:09-cv-00148-TJW-CE |
| SAMSUNG TELECOMMUNICATIONS AMERICA, LLC et al., | § § § | Judge T. John Ward |
| Defendants. | § § § § | |

**LG ELECTRONICS USA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

TABLE OF CONTENTS

I. PRELIMINARY STATEMENT .................................................................................................. 1

II. TUNE HUNTER TACITLY ADMITS THAT IT FAILED TO ASSERT THE PROPER FACTUAL ALLEGATIONS .................................................................................................................. 3

III. TUNE HUNTER HAS NOT SHOWN A PLAUSIBLE CLAIM FOR JOINT INFRINGEMENT ........ 5

IV. TUNE HUNTER HAS NOT ALLEGED WHICH "PRODUCTS" OR WHICH DEFENDANTS INFRINGE ......................................................................................................................... 7

V. LG JOINS IN GRACENOTE'S REPLY BRIEF ......................................................................... 10

VI. TUNE HUNTER APPARENTLY WITHDRAWS ITS UNSPOKEN ALLEGATIONS OF INFRINGEMENT VIA SHAZAM .......................................................................................... 10

VII. TUNE HUNTER DOES NOT CONTEST ITS FAILURE TO PLEAD ANY GROUNDS FOR INFRINGEMENT UNDER 35 U.S.C. § 271(f) ..................................................................... 11

VIII. CONCLUSION ................................................................................................................. 11

## Table of Authorities

**Federal Cases**

*Ashcroft v. Iqba,l*
  556 U.S. ___ (2009) ............................................................................................................. 1

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) ............................................................................................................. 1

*Elan Microelecs. Corp. v. Apple, Inc.,*
  2009 WL 2972374 ............................................................................................................. 10

*Golden Blount, Inc. v. Robert H. Peterson Co.,*
  365 F.3d 1054 (Fed. Cir. 2004) ........................................................................................... 9

*Lucent Technologies, Inc. v. Gateway, Inc.,*
  580 F.3d 1301 (Fed. Cir. 2009) ........................................................................................... 4

*McZeal v. Sprint Nextel Corp.,*
  501 F.3d 1354 (Fed. Cir. 2007) ......................................................................................... 10

*Southern Christian Leadership Conference v. Supreme Ct.,*
  252 F.3d 781 (5th Cir. 2001) ............................................................................................... 9

*WIAV Networks, LLC v. 3Com Corporation,*
  Civil Action No. 5:09-CV-101 (Dec. 15, 2009). ................................................................. 2

I.  **PRELIMINARY STATEMENT**

As detailed hereinbelow, Plaintiff Tune Hunter has largely sidestepped the arguments raised by Defendant LG Electronics USA, Inc. ("LG") in its Motion to Dismiss. While LG has argued that Tune Hunter has failed to adequately allege a claim for patent infringement, relying on the recent *Bell Atlantic* and *Iqbal* rulings (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal* 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009)), Tune Hunter merely states in conclusory fashion that its First Amended Complaint purportedly complied with Form 18, without addressing whether it also complied with *Bell Atlantic* and *Iqbal*.

LG has also argued that the patent-in-suit has a "single actor" problem on its face, that there are no plausible factual allegations in Tune Hunter's Complaint which overcome that "single actor" problem, and that Tune Hunter likely cannot provide any such allegations. In response, Tune Hunter merely argues that it "too early" to construe its patent claims, and that it should be allowed to "present its evidence" by way of its contemplated Infringement Contentions. That response begs the question of whether Tune Hunter should be allowed to "present its evidence" in the first place—this Court's rule on Infringement Contentions is not a mechanism for abrogating Supreme Court precedent on pleading requirements. As the Supreme Court stated in *Iqbal*, the question is whether such allegations should "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal* 556 U.S. ___, 129 S.Ct. 1937, 1949-1950 (2009). LG is not seeking a claim construction here, nor does it expect Tune to allege infringement on an element-by-element basis, as the Defendant actually did in the *WIAV* case upon which Tune Hunter relies. *See WIAV Networks, LLC v. Com Corp.,* E.D. Tex. 5:09-CV-101, at 3-5 (Dec. 12, 2009) (in contrast to this case, defendant's arguments that certain limitations of the patent in suit were not met by the accused products in that case were inappropriate for a 12(b)(6) motion). In the present case, even assuming *arguendo* that some

combination of the Defendants' products and a consumer's actions meet the limitations of one or more claims of the patent-in-suit, Tune Hunter has nonetheless still failed to present any factual allegations, in either its Amended Complaint or in its Response to LG's Motion, that could plausibly overcome the "single actor" problem readily apparent on the face of its patent.

LG has further argued that Defendants failed to identify which defendants and which products are accused of direct infringement. Tune Hunter assures that Court that it has "sufficiently alleged infringement." (Resp. to LG at 6.) But even after reviewing the new allegations in Tune Hunter's Response (which are not at all present in the First Amended Complaint), it is still impossible to determine who the alleged direct infringers are, as Tune Hunter vacillates between arguing that LG's cell phone devices infringe, that Gracenote's software infringes, or that Gracenote's software results in a separate electronic "product" that infringes. Tune Hunter goes so far as to claim that songs created by third parties (such as an iTunes file) are purportedly infringing "products." Of course, it is also impossible to determine which "systems," "devices," "products" and/or "components" are accused of infringement as well.

Still further, LG has argued that indirect and contributory infringement both require additional specific elements, and that Tune Hunter had pled none of these elements. Tune Hunter argues that the phrase "by causing others" purportedly satisfies its obligations to present plausible factual allegations in support of its claims. But this is exactly the type of conclusory allegation that will not prevent the dismissal of a complaint.

LG's motion is not merely an attempt to force Tune Hunter to "marshall its proof at the pleading stage." (Resp. at LG 1.) Tune Hunter's claims against LG simply do not have merit, and LG believes that Tune Hunter cannot, in good faith, prepare a complaint that fully, properly

sets forth its infringement allegations against LG.  Indeed, it appears that Tune Hunter is avoiding providing the specific factual allegations required by the Supreme Court in *Bell Atlantic* and *Iqbal* for the very purpose of avoiding the inevitable dismissal of its claims -- since the need for dismissal would be all that much more apparent -- had Tune Hunter properly alleged which parties infringe directly, which parties infringe indirectly, and which products infringe.

## II. TUNE HUNTER TACITLY ADMITS THAT IT FAILED TO ASSERT THE PROPER FACTUAL ALLEGATIONS

Tune Hunter effectively concedes that its First Amended Complaint does not contain sufficient factual allegations by including additional factual allegations and arguments throughout its Response brief.  Tune Hunter's primary allegation of infringement is as follows:

> **20.** Upon information and belief, the **defendants**, either alone **or** in conjunction with others, have in the past and continue to infringe, contribute to infringement, **and/or** induce infringement of the '275 patent, in this judicial district **and/or** elsewhere in the United States, by making, using, selling, offering to sell **and/or** importing, **and/or** causing others to make, use, sell, offer to sell and/or import, **and/or** supplying or causing to be supplied in or from the United States, **and/or** importing into the United States, music identification systems, devices, products, **and/or** components thereof that embody, are made by **and/or** are covered by, in whole **or** in part, one or more of the claims of the '275 patent.

(First Am. Compl. ¶ 20) (emphasis added).  This allegation contains enough "ands" and "ors" to render it thoroughly meaningless.  For example, LG is accused of infringement alone **or** in conjunction with others.  LG is accused of direct, contributory, **and/or** inducement to infringe.  LG is accused of selling (**and/or** making, using, offering to sell, or importing, **and/or** causing others to make, use sell, offer to sell **and/or** importing) a system, device, product, **and/or** component.  The answer clearly cannot plausibly be "yes" -- yet the Complaint is devoid of any further detail.

Implicitly acknowledging this defect, Tune Hunter relies in its Response brief on allegations and arguments that are found nowhere in the Complaint.  In the very first paragraph

of its Response, Tune Hunter refers to an LG press release, wherein LG announced that Gracenote software would be included on some of its phones. It would appear, then, from this statement that Tune Hunter is accusing LG of infringement because some of its phones allegedly include Gracenote's software. Nowhere is this mentioned in the First Amended Complaint. And this is no trifling detail, because if this is Tune Hunter's sole basis for accusing LG of infringement, it is meritless: the mere sale of software does not and cannot constitute the infringement of a method claim. *Lucent Technologies, Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1317 (Fed. Cir. 2009).

Tune Hunter offers still further unpled allegations in its Responses. It alleges that "Gracenote has a music identification service, offered through AT&T, that Tune Hunter contends infringes its patent." (Resp. to LG at 2.) This information is found nowhere in Tune Hunter's First Amended Complaint. In its response to Gracenote's motion, Tune Hunter includes even more, all new, though similarly vague, allegations. It alleges that:

- "Tune Hunter has evidence that **a single entity** has directly infringed…" (Resp. to Gracenote at 1.)

- "Gracenote and the **other** defendants have committed **other** acts of direct infringement..." (Id.)

- "AT&T has directly infringed the patent by offering the claimed method for sale" (Id.)

- "Apple directly infringes" (Id.)

- "Gracenote has induced these infringements" (Id.)

None of these allegations are found anywhere in the First Amended Complaint, and they are often just as vague as the allegations that do appear in the First Amended Complaint. Again, Tune Hunter fails to identify *which* entity directly infringes, and which *other* acts of direct infringement are accused.

4

The fact that Tune Hunter had to provide these additional factual allegations in its response brief highlights the difficulty in attempting to understand Tune Hunter's allegations from the First Amended Complaint alone.  Moreover, it is now clear why Tune Hunter has avoided putting these allegations in its First Amended Complaint -- if it is accusing Gracenote's *software* of infringing, those Defendants which merely provide the software, such as LG and AT&T, cannot infringe the patent.  *Id*.  Tune Hunter has a duty to state these allegations with specificity so that the Defendants can challenge their propriety and so the Court can readily determine that Tune Hunter has not stated -- and cannot state -- a viable claim.

### III.  TUNE HUNTER HAS NOT SHOWN A PLAUSIBLE CLAIM FOR JOINT INFRINGEMENT

Tune Hunter does not address the "single actor" problem head-on, but rather sidesteps the issue entirely.  In its response to Gracenote's motion, Tune Hunter argues that Gracenote "controls" the actions of the user through "ownership" of software and purported "requirements and restrictions" on the use of that software.  Tune Hunter also relies on a constant theme that it should be allowed to develop its evidence and "present its case" later -- and that it should not be subjected to any "heightened pleading" standard.  In response to LG's motion, Tune Hunter argues that the Court cannot consider the "single actor" problem because it would purportedly require a "claim construction."  None of these arguments have merit.

At the outset, while Gracenote addresses those arguments directed specifically at Gracenote in its own reply brief, there are no allegations at all in the First Amended Complaint regarding Gracenote's purported "ownership" of any software or regarding "requirements and restrictions" purportedly associated with that software.  Nor are there any allegations in the Complaint extending these arguments to LG.  The Supreme Court's holdings in *Bell Atlantic* and *Iqbal* are clear.  Tune Hunter must allege ***plausible facts***, at the time of its complaint, to support its claim of infringement.  Tune Hunter's argument that it should be allowed to "present its

evidence" misses the point -- the Supreme Court explicitly noted that Plaintiffs who are unable to even *allege* a plausible set of facts should not have access to the expensive and burdensome process of discovery. As a result, Tune Hunter's pleadings -- not its response briefs -- must contain allegations which overcome a substantial "single actor" problem created by the claims of the patent.

The problem with the claims of the patent is a significant one. The patent claims clearly and explicitly require the "consumer" to perform certain steps of the method. The Court does not need to conduct a full-blown claim construction hearing because it is Tune Hunter's burden to plead the necessary, plausible facts -- *if* that is possible. To date, Tune Hunter has not presented *any* facts which could lead *any* Court to disregard the plain meaning of the word "consumer" and the fact that Tune Hunter explicitly added the term "consumer" during the prosecution of its patent.

Tune Hunter suggests in its Response brief (again, without any basis in the First Amended Complaint) that the consumer is merely a passive participant in a scheme controlled by Gracenote. That argument simply does not square with the plain, unmistakable claim language of the asserted U.S. Patent No. 6,941,275:

> *Claim 1:*
> …c) the **consumer recording a segment of music** that is audible to the consumer in a location remote from the music identification device using said portable communication device; d) the **consumer transmitting said recorded musical segment** from said portable communication device into a central processing unit of the music identification device;
>
> *Claim 2:*
> …c) the **consumer directing a microphone of the portable communication device toward the source of audible music**; d) the **consumer activating the portable communication device** to transmit a segment of the audible music to the remotely located music identification/purchasing system;…h) the **consumer receiving purchasing information** from said music identification/purchasing system related to the music selection providing the closest match; i) the **consumer transmitting at least one music**

6

**item selection** and payment information to said music identification/purchasing system; and j) the **consumer receiving said music item selection**.

These are not mere passive steps, they explicitly require a consumer's conscious action and participation. Indeed, when Tune Hunter wanted to refer to "the device" performing some action, it explicitly did so:

> *Claim 1:*
> e) the **music identification device analyzing** and comparing said musical segment to the database of musical works; f) the **music identification device identifying** at least one closest match; g) the **music identification device generating** database information regarding said at least one closest match; and h) the **music identification device transmitting** the database information regarding said at least one closest match to the consumer.

No formal claim construction is needed to dismiss the complaint for failing to state a plausible set of facts which illustrate, under controlling law, how LG alone could ever infringe a claim that explicitly requires "the consumer's" conscious, active participation. LG is not asking the Court to construe these claims, but rather to recognize the likely import of these plain English terms and, in light of that recognition, require Tune Hunter to present whatever factual allegations it can which would support a different construction. Tune Hunter has now had three separate opportunities (the original Complaint, the First Amended Complaint, and now in its Response briefs) to do so, and to date all Tune Hunter can say is that it should be able to present its "evidence" at some unspecified future date. The fact is that Tune Hunter cannot now, or ever, credibly allege that "consumer" means anything other than its plain meaning. As a result, Tune Hunter's patent is simply not enforceable against LG.

### IV. TUNE HUNTER HAS NOT ALLEGED WHICH "PRODUCTS" OR WHICH DEFENDANTS INFRINGE

Tune Hunter argues that the language "music identification systems, devices, products and/or components thereof" sufficiently identifies the accused products. It does not. This

7

language, buried near the end of Paragraph 20 of the First Amended Complaint, after half a dozen "and/or" clauses no less, is meaningless. Tune Hunter alleges for the first time in its Response briefs that it is the MusicID 2 *software* that purportedly infringes.  It further alleges for the first time in its Response that its patent claims -- which are on their face process and method claims -- are somehow now *product*-by-process claims.  These are not distinctions that any Defendant could have discerned from the existing allegations of Paragraph 20.  Moreover, by refusing to clearly state its position, Tune Hunter is robbing the Defendants of the opportunity to directly challenge these dubious theories of infringement.

Even *with* the additional details offered by Tune Hunter in its Response briefs, it is still impossible to determine what Tune Hunter's allegations are.  In its response to Gracenote's motion, Tune Hunter asserts that AT&T is infringing by "offering the claimed method [software] for sale."  (Resp. to Gracenote at 1.)  But in its response to LG's motion, Tune Hunter argues that "LG makes numerous cell phones that infringe." (Resp. to LG at 7.)  Cell phones are obviously devices, not methods, so it is impossible to reconcile these two positions.  In another argument, Tune Hunter argues that its method and process claims are really product-by-process claims, and that it is the electronic "product" that infringes.  (Resp. to LG at 9-12.)  Tune Hunter's patent claims are, on their face, method and process claims, comprising nothing more than a series of steps.  If Tune Hunter is taking the position that these two claims simultaneously cover a "method," a "device," and an "electronic product" then it must clearly state so in its complaint, and support the implausible with plausible factual allegations.

Similarly, the language "by causing others," also nestled in Paragraph 20, amongst a host of "and/or's," does not constitute a plausible factual allegation supporting contributory infringement.  All this allegation states is that one or more defendants might cause one or more

8

other persons to maybe sell, or offer to sell, or use, or make, or import some unspecified accused product. These are precisely the "conclusory allegations or legal conclusions masquerading as factual conclusions" that do not suffice to prevent a motion to dismiss. *Southern Christian Leadership Conference v. Supreme Ct.*, 252 F.3d 781, 786 (5th Cir. 2001).

Tune Hunter argues that it is not required to plead or allege that LG's (unspecified) products do not have substantial noninfringing uses. (Resp. to LG at 8-9.) It bases its argument on the premise that *Golden Blount, Inc. v. Robert H. Peterson Co.*, 365 F.3d 1054 (Fed. Cir. 2004) is not a 12(b)(6) case. While *Golden Blount* is certainly not a 12(b)(6) case, *Golden Blount* nevertheless stands for the proposition that proving that the accused product is not staple article of commerce is an ***essential*** element of a contributory infringement claim. It is elementary law that a Complaint must allege all the necessary elements of a claim, and that Tune Hunter is required to allege this element, along with the supporting plausible factual allegations required by *Bell Atlantic* and *Ashcroft*.

Tune Hunter also relies on the pre-*Iqbal* decision in *Fotomedia Technologies, LLC v. AOL, LLC et al.*, 2008 U.S. Dist. LEXIS 109403, for the proposition that rote compliance with Form 18 is sufficient to state a claim for even indirect infringement. However, post-*Iqbal* courts have held to the contrary. *See Elan Microelecs. Corp. v. Apple, Inc.*, 2009 WL 2972374, at *2 (noting that the Federal Rules of Civil Procedure do not provide an analogous form for indirect patent infringement claims); *see also Sharafabadi v. Univ. of Idaho,* 2009 U.S. Dist. LEXIS 110904 (holding that the plaintiff's complaint, which failed to properly allege the requisite level of knowledge, was insufficient to state a claim for indirect infringement). Not only did *Fotomedia* not involve the multiple layers of interrelated defendants present in this case, it failed to address the arguments raised in Judge Dyk's dissent in *McZeal v. Sprint Nextel Corp.*, 501

F.3d 1354 (Fed. Cir. 2007). Simply put, none of the cases relied upon by Tune Hunter address the impact of *Iqbal*, none of them are binding on this Court, and none of them addresses a situation where the patentee is being evasive as to whether it is even accusing software as opposed to devices (like those LG sells) as infringements of its patent.

## V.     LG JOINS IN GRACENOTE'S REPLY BRIEF

LG joined Defendant Gracenote, Inc.'s Motion to Dismiss for Failure to State a Claim to the extent arguments made in that motion are applicable to LG. Likewise, LG joins in those arguments made by Gracenote in its separate Reply Brief, to the extent the arguments made therein are applicable to LG. Particularly, LG agrees that the "sale" of a method cannot constitute infringement, that the patent claims at issue are, as a matter of law, not product by process claims because, on their face, they claim only a "method" and a "process," not any product made by that method or process, and further because Plaintiff cannot read explicit steps out of its claims, pursuant to *Abbot Laboratories*.

## VI.    TUNE HUNTER APPARENTLY WITHDRAWS ITS UNSPOKEN ALLEGATIONS OF INFRINGEMENT VIA SHAZAM

At the time LG filed its Motion to Dismiss, it had to guess that Tune Hunter was alleging infringement on the grounds that some consumers might use LG phones to access Shazam's music identification service. At that time, Shazam was still a Defendant in the case, and the First Amended Complaint provided no details. Tune Hunter has apparently dropped this contention, affirmatively stating in its response brief that "Shazam's service is no longer in the case." Accordingly, LG accepts and relies on this statement as an affirmative disavowal of all claims against LG based on consumers who used LG's staple article phones to access Shazam's service.

10

**VII.   TUNE HUNTER DOES NOT CONTEST ITS FAILURE TO PLEAD ANY GROUNDS FOR INFRINGEMENT UNDER 35 U.S.C. § 271(f)**

Nowhere in Tune Hunter's Response to LG's motion does it address the arguments raised by LG pursuant to 35 U.S.C. § 271(f), but in Tune Hunter's Response to Gracenote's Motion, it explicitly concedes this point.  (Resp. to Gracenote at p.1 n.3.)

**VIII.   CONCLUSION**

After seven months, two complaints, seven extensions, and two Response Briefs, Tune Hunter's First Amended complaint still suffers the same serious, fatal defects that Tune Hunter's original Complaint did when it was filed last May.  Notwithstanding Tune Hunter's ample opportunity to further amend its First Amended Complaint, and to provide support for its allegations, no amount of amendment can cure its numerous deficiencies.  LG respectfully requests that the Court dismiss Tune Hunter's First Amended Complaint with prejudice.  LG notes that the grant of this motion would be fully dispositive of all of the pending claims against LG.

Dated:  February 8, 2010                                  Respectfully submitted,

**GREENBERG TRAURIG, LLP**

/s/ Richard D. Harris
Richard D. Harris
(*admitted pro hac vice*)
Illinois Bar No. 1137913
harrisr@gtlaw.com
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Telephone: (312) 456-6610
Telecopier: (312) 456-8435

Christopher M. Joe
Texas Bar No. 00787770
joec@gtlaw.com

11

2200 Ross Avenue, Suite 5200
Dallas, Texas  75201
Telephone:  (214) 665-3604
Telecopier:  (214) 665-5904

Richard Edlin
(*admitted pro hac vice*)
New York Bar No. RE-1998
MetLife Building
200 Park Avenue
New York, NY 10166
edlinr@gtlaw.com
Telephone:  (212-801-6528)
Telecopier:  (212-805-5528)

**ATTORNEYS FOR DEFENDANT LG**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on the 8th day of February, 2010. Any other counsel of record will be served by facsimile transmission and first class mail.

/s/ Richard D. Harris