# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| TUNE HUNTER INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:09-cv-148-TJW |
| | § | |
| SAMSUNG TELECOMMUNICATIONS | § | |
| AMERICA, LLC, et al | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Gracenote, Inc.'s Amended Motion to Dismiss for Failure to State a Claim [Dkt. No. 67], Defendant LG Electronics USA, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint [Dkt. No. 82], Defendant AT&T Mobility's Rule 12(b)(6) Motion to Dismiss [Dkt. No. 83], Defendant Napster, LLC's Motion to Dismiss [Dkt. No. 85], Defendant Samsung Telecommunications America, LLC's Motion to Dismiss Plaintiff's First Amended Complaint [Dkt. No. 96], and Defendant Apple Inc.'s Motion to Dismiss Tune Hunter's Inc.'s Amended Complaint [Dkt. No. 100]. Also before the Court is an unopposed motion for a hearing on the pending motions to dismiss. [Dkt. No. 123] The Court has considered the parties' arguments and applicable law and is of the opinion that Defendants' motion should be DENIED. The Court is also of the opinion that the motion for a hearing should be DENIED.

## I. Background

Plaintiff Tune Hunter, Inc. ("Tune Hunter") filed this patent infringement lawsuit on May 12, 2009, asserting U.S. Patent Nos. 6,941,275 ("the '275 patent") against Samsung Telecommunications America, LLC ("Samsung"), Apple Inc. ("Apple"), Shazam Entertainment LTC. ("Shazam"), Amazon.com, Inc. ("Amazon"), Napster, LLC ("Napster"), Motorola, Inc. ("Motorola"), Gracenote, Inc. ("Gracenote"), Cellco Partnership d/b/a/ Verizon Wireless

("Verizon"), LG Electronics USA, Inc. ("LG"), AT&T Mobility LLC ("AT&T"), and Pantech Wireless ("Pantech") (collectively "Defendants").[1]  Defendants include cell phone manufacturers (LG, Samsung, and Apple), digital music providers (Napster and Apple), music identification service providers (Gracenote and Apple), and a wireless service provider (AT&T).  The '275 patent has two claims that teach music identification and purchasing systems, reciting as follows:

1. A process of identifying music comprising:

a) providing a portable communication device to be used by a consumer;

b) a service provider providing a music identification device having a database of prerecorded musical works;

c) the consumer recording a segment of music that is audible to the consumer in a location remote from the music identification device using said portable communication device;

d) the consumer transmitting said recorded musical segment from said portable communication device into a central processing unit of the music identification device;

e) the music identification device analyzing and comparing said musical segment to the database of musical works;

f) the music identification device identifying at least one closest match;

g) the music identification device generating database information regarding said at least one closest match; and

h) the music identification device transmitting the database information regarding said at least one closest match to the consumer.

2. A method for purchasing a music item comprising the following steps:

a) providing a portable communication device to be used by a consumer that is listening to a source of audible music;

b) a service provider providing a remotely located music identification/purchasing system having a database of prerecorded musical works;

---

1  Shazam, Amazon, Motorola, Verizon, and Pantech have since been dismissed from the case.

c) the consumer directing a microphone of the portable communication device toward the source of audible music;

d) the consumer activating the portable communication device to transmit a segment of the audible music to the remotely located music identification/purchasing system;

e) the music identification/purchasing system automatically entering said transmitted segment of music into a central processing unit of said music identification/purchasing system;

f) the music identification/purchasing system automatically analyzing and comparing said transmitted segment of music to music contained in a music database; and

g) the music identification/purchasing system automatically identifying a music selection providing the closest match from music contained in the music database to said transmitted segment of music;

h) the consumer receiving purchasing information from said music identification/purchasing system related to the music selection providing the closest match;

i) the consumer transmitting at least one music item selection and payment information to said music identification/purchasing system; and

j) the consumer receiving said music item selection.

Tune Hunter asserts that Defendants infringe the '275 patent "either alone or in conjunction with others" by "making, using, selling, offering to sell and/or importing and/or causing others to make, use, sell, offer to sell and/or import, and/or supplying or causing to be supplied in or from the United States and/or importing into the United States, music identification systems, devices, products, and/or components thereof that embody, are made by and/or are covered by, in whole or in part, one or more of the claims of the '275 patent." First Amended Complaint at para. 20. Tune Hunter also asserts that "Defendants are each liable for infringement of the '275 patent pursuant to 35 U.S.C. § 271." *Id.* at para. 21. Defendants argue that Tune Hunter cannot prove that a single actor performs all steps in either of the claims of the '275 patent and Tune Hunter's claims of infringement should be dismissed. Defendants also argue that Tune Hunter's first

amended complaint fails to allege facts sufficient to state a claim for direct infringement, contributory infringement, or inducement to infringe. Defendants further argue that the claims cannot be infringed under 35 U.S.C. § 271(g) and 271(f) as a matter of law.

## II.    Legal Standard

When ruling on a motion to dismiss, the trial court reviews the pleadings to determine whether the plaintiff has given the defendant notice of "grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Formulaic recitations of the elements of a cause of action" and "naked assertions devoid of further factual enhancements" are insufficient. *Ashcroft v. Iqbal*, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009). A motion to dismiss under Rule 12(b)(6) "'is viewed with disfavor and is rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). Relying on *Twombly*, the Federal Circuit recently pronounced what is required to state a claim for patent infringement: "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007).

## III.    Analysis

Defendants put forth a number of arguments in their various motions to dismiss. First, Defendants argue that *Ashcroft v. Iqbal* heightens the pleading standard required of patent plaintiffs. Second, Defendants argue that, under any pleading standard, Tune Hunter's complaint should be dismissed because the patent claims cannot be infringed in light of the "single actor rule" outlined in *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373 (Fed. Cir. 2007), and followed by *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318 (Fed. Cir. 2008).

### A. Pleading Standard Unchanged by *Iqbal*

As a preliminary matter, *Iqbal* does not alter the pleading standard outlined in *Twombly*. *See Iqbal*, 129 S.Ct. at 1949–1950 (reiterating the approach to ruling on a motion to dismiss set forth by *Twombly*). Both *Twombly* and *Iqbal* urge courts to follow a two-step process when evaluating whether a complaint satisfies the requirements of Rule 8. First, the trial court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth" and disregard them when taking factual allegations as true. *Id.* at 1950. Second, when the court is left with the "nub" of plaintiffs complaint after legal conclusions have been disregarded, the court should determine whether the remaining allegations "state[] a plausible claim for relief." *Id.*

As a preliminary matter, it is appropriate to "tak[e] note of the elements a plaintiff must plead to state a claim" when ruling on a motion to dismiss. *Iqbal*, 129 S.Ct. at 1948. Form 18, appended to the Federal Rules of Civil Procedure, provides an exemplary complaint, showing: "1) an allegation of jurisdiction; 2) a statement that the plaintiff owns the patent; 3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; 4) a statement that the plaintiff has given the defendant notice of its infringement; and 5) a demand for an injunction and damages." *McZeal v. Sprint Nextel Corp.*, 501 F.3d at 1357 (citing Fed. R. Civ. P. Form 16 (2006)). A complaint will survive a motion to dismiss if it alleges facts, not conclusions, that give the defendant notice that it is infringing a patent owned by plaintiff by, for example, "making, selling, [or] using" an infringing object or process. *See id*.

Turning to Plaintiff's First Amended Complaint, the Court evaluates whether any of the allegations are legal conclusions that should be disregarded. Paragraph 19, stating, "The '275 patent is presumed valid," is a legal conclusion. Dkt. No. 45 at para. 19. Paragraph 21, stating, "Defendants are each liable for infringement of the '275 patent pursuant to 35 U.S.C. § 271," is a

legal conclusion. *Id*. at para. 21. Paragraphs 23 and 24 state a legal conclusion to the extent that they allege Defendants' activities caused Tune Hunter damage. *Id.* at paras. 23, 24 ("defendants' acts of infringement have caused damage," and "Tune Hunter has been irreparably damaged"). Regarding Plaintiff's claims for patent infringement, the Court may accept as true the allegations contained in paragraphs 18, 20 and 22, for the purposes of ruling on these motions to dismiss.

The Court next determines whether the allegations in paragraphs 18, 20 and 22 are sufficient state a claim for patent infringement. Paragraph 18 alleges that Tune Hunter owns the '275 patent. *Id.* at para. 18. Paragraph 22 alleges that defendants had knowledge of the '275 patent. *Id.* at para. 22. Paragraph 20 alleges that Defendants

> either alone or in conjunction with others have in the past and continue to infringe, contribute to infringement, and/or induce infringement of the '275 patent, in this judicial district and/or elsewhere in the United States, by making, using, selling, offering to sell and/or importing and/or causing others to make, use, sell, offer to sell and/or import, and/or supplying or causing to be supplied in or from the United States and/or importing into the United States, music identification systems, devices, products, and/or components thereof that embody, are made by and/or are covered by, in whole or in part, one or more of the claims of the '275 patent.

*Id.* para. 20. Therefore, paragraph 20 alleges that Defendants are "making, selling, and using [a device] embodying the patent." *See* Fed. R. Civ. P. Form 16 (2006). Assuming that Tune Hunter owns the patent and that Defendants perform any one of the listed activities, the Court can conclude that Tune Hunter has stated a plausible claim that entitles it to relief.

Defendants argue that Tune Hunter failed properly to allege additional facts that are required to prove claims for inducing infringement, contributory infringement, 35 U.S.C. § 271(g), or 35 U.S.C. § 271(f). As outlined above, those additional facts are not required by *Iqbal*. Moreover, it is in the discovery phase of litigation, not pleading, that the parties are required to conscientiously develop facts that support the various theories of infringement, or non-infringement as the case may be. *See PA Advisors, LLC v. Google, Inc., et al*, 2008 WL

4136426 (E.D. Tex. 2008). In its initial disclosures under Patent Rule 3-1, Tune Hunter will be obligated to provide to Defendants with a "chart identifying specifically where each element of each asserted claim is found." P.R. 3-1(b). Until then, a statement that a defendant makes an embodying device would provide that defendant with sufficient notice as to what it will be required to defend. *See McZeal*, 501 F.3d at 1357.

Defendants further argue that Tune Hunter's complaint "makes no mention of any product—or even a class of products—sold by any Defendant." LG's Motion to Dismiss at 7. As mentioned above, each of the Defendants provide different products and services. Tune Hunter's complaint accuses "music identification systems, devices, products, and/or components thereof," which Defendants argue lacks sufficient specificity to give notice. In light of the technology at issue, the Court is of the opinion that Defendants have sufficient notice as to what they must defend.

### B. "Single Actor" Rule

Defendants argue that Tune Hunter's complaint should be dismissed because no set of facts will entitle it to relief under the "single actor rule." "[W]here the actions of multiple parties combine to perform every step of a claimed method, the claim is directly infringed only if one party exercises 'control or direction' over the entire process such that every step is attributable to the controlling party, i.e., the 'mastermind.'" *Muniauction, Inc. v. Thomson Corp.*, 5323 F.3d 1318, 1329 (Fed. Cir. 2008) (citing *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1380–81 (Fed. Cir. 2007)). Defendants argue that Tune Hunter must allege "'control or direction' on the part of a single actor to establish a viable theory of joint infringement of its claims." Dkt. No. 67 at 10 (citing *BMC Resources*, 498 F.3d at 1380–82; *Muniauction, Inc. v. Thomson Corp.*, 5323 F.3d 1318, 1329–30 (Fed. Cir. 2008)).

The Court recently denied a similar motion to dismiss in *Actus, LLC v. Bank of America*

*Corp., et al*, 2:09-cv-102, noting the motion's prematurity and declining to construe the terms as requiring multiple actors. Given the oft-quoted maxim that different terms in a claim are to be given different meanings during claim construction, *see Andersen Corp. v. Fiber Composites, LLC*, 474 F.3d 1361, 1369 (Fed. Cir. 2007), the Court can conclude that the claims at issue in this case require multiple actors without determining precisely who those actors are. The '257 patent's two claims are a process claim and a method claim, both of which explicitly identify multiple actors that are to perform the steps. For example, Claim 1 refers to a "service provider," a "consumer," and a "music identification device." '275 patent, Claim 1. Claim 2, likewise, refers to a "consumer," a "service provider," and a "music identification/purchasing system." *Id.* at Claim 2.

Even though it is clear that both asserted claims must be performed by multiple actors, Tune Hunter is not required to crystallize its theory of infringement without having the benefit of discovery to aid it. Under *Muniauction*, it is true that Tune Hunter will be required to prove that a single actor exercises "control or direction" over some other actors. The Court will be in a better position to consider this argument should Defendants raise it in a motion for summary judgment.

### C. Wrong Entity Named

LG argues that Tune Hunter has sued the wrong LG entity. The Court grants Tune Hunter leave to amend the complaint naming the correct LG entity. Tune Hunter has twenty days from the date of this order serve the correct LG entity with the amended complaint.

## IV. Conclusion

The Court DENIES each of the pending motions to dismiss as to the requests that the Court adopt a heightened pleading standard following *Iqbal* and as to the "single actor rule". The Court GRANTS the motion as to incorrectly-named LG entity. The Court GRANTS Tune Hunter leave to amend the complaint and to serve the correct LG entity within twenty days of this order.

It is SO ORDERED.

SIGNED this 1st day of April, 2010.

_____

T. JOHN WARD
UNITED STATES DISTRICT JUDGE